UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AM-GSR HOLDINGS, LLC,

    Plaintiff,

vs.

DARREN HUNG TRUONG et al.,

    Defendants.

3:17-cv-00344-RCJ-VPC

ORDER

This case arises out of a foreclosure sale under Chapter 116 of the Nevada Revised Statutes ("NRS"). Pending before the Court is a motion for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

On or about February 21, 2007, Defendant Darren Truong purchased real property at 2500 E. 2nd St., Unit 1875, Reno, Nevada ("the Property"). (First Am. Compl. ¶¶ 1, 4, ECF No. 1-2). Truong financed the purchase with two loans from non-party Soma Financial, Inc., the deeds of trust as to which were soon released when Truong refinanced the Property for $218,200, giving a deed of trust ("the DOT") to Defendant Flagstar Bank FSB ("Flagstar"). (*See id.* ¶¶ 3, 5 & Ex. 7). When Truong failed to pay assessments to non-party Grand Sierra Resort Unit Owners' Association ("the UOA"), non-party MEI-GSR Holdings LLC purchased the Property from the UOA at a foreclosure sale under Chapter 116 and subsequently transferred its title to Plaintiff AM-GSR Holdings, LLC. (*See id.* ¶¶ 2, 7–8).

Plaintiff sued Truong and Flagstar in state court to quiet title and for an injunction against foreclosure under the DOT. Flagstar removed and answered. Truong has not appeared, but Plaintiff has not asked the Clerk to enter his default. Flagstar has moved for summary judgment.

## II. DISCUSSION

The Court of Appeals has held that the opt-in notice scheme under Chapter 116 in effect at the relevant time was facially unconstitutional under the Due Process Clause of the Fourteenth Amendment. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1158–60 (9th Cir. 2016). The Supreme Court denied certiorari, *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 137 S. Ct. 2296, 2297 (2017), despite the Nevada Supreme Court's intervening ruling to the contrary on the issue of state action, *see Saticoy Bay LLC v. Wells Fargo Home Mortg.*, 388 P.3d 970, 973–74 (Nev. 2017). As in similar cases, that ends the matter here, and Flagstar is entitled to summary judgment as a matter of law. The Court rejects Plaintiff's argument that *Bourne Valley* is not binding precedent because it was contrary to *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014). It is wrong that *SFR Investments Pool 1* held that an HOA was previously required to notify first deed of trust holders who had not opted in:

> Although the Nevada Supreme Court has noted that NRS 107.090 is incorporated by NRS 116.31168(1), when specifically citing to NRS 107.090(3), it has concluded that notice to a first deed of trust holder in an HOA foreclosure still requires the first deed of trust holder to have notified the HOA of its interest before the recordation of the NOD under NRS 116.31163, which shows that the Nevada Supreme Court either reads NRS 116.31168 not to incorporate the automatic notice provisions of NRS 107.090(3) or that it reads the opt-in provision of NRS 116.31163 to supersede NRS 107.090(3)'s automatic notice provisions as to HOA foreclosures even if NRS 107.090 is otherwise incorporated into Chapter 116 foreclosures generally via NRS 116.31168. *See U.S. Bank., N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1078–80 (D. Nev. 2015) (Jones, J.) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014)). Another possibility is that the Nevada Supreme Court simply (and very sensibly) reads NRS 107.090(3)'s requirement that notice be sent to "[e]ach other person with an interest whose interest or claimed interest is subordinate to the deed of trust," not to require notice to deed of trust holders in HOA sales, because an interest in a deed of trust is not subordinate to itself.

*U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-241, 2016 WL 4473427, at *5 (D. Nev. Aug. 24, 2016). As this Court has previously noted, even if not bound by the Court of Appeals' ruling on the issue, the text of the statute, as well as both the objective and subjective legislative history, indicates that the statute did not previously require notice. *Christiana Tr. v. K&P Homes*, No. 2:15-cv-1534, 2018 WL 456020, at *2–3 (D. Nev. Jan. 16, 2018). The Nevada Supreme Court's later statement that "NRS 116.31168 incorporates NRS 107.090, which requires that notices be sent to a deed of trust Beneficiary" in a footnote of an opinion not deciding that issue is not to the contrary, particularly where the seminal opinion cited therein, *SFR Invs. Pool 1, LLC*, noted the opt-in requirement. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017).

Even if the Court of Appeals had erred in *Bourne Valley* (which it decided in light of the Nevada Supreme Court's ruling in *SFR Investments Pool I*), this Court would have no power to contradict that ruling. *See Bourne Valley Court Tr.*, 832 F.3d at 1158 ("Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. Section 116.31168(1) stated, '[t]he provisions of NRS 107.090 apply to the foreclosure of an association's lien as if a deed of trust were being foreclosed.' According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request. Bourne Valley's preferred reading would impermissibly render the express notice provisions of Chapter 116 entirely superfluous. In particular, section 116.31163 and section 116.31165 required any secured creditor to request notice of default from a homeowners' association before the homeowners' association had any obligation to provide such notice. If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners'

associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument." (citation omitted)). Plaintiffs must ask the Court of Appeals sitting en banc or the Supreme Court to overrule *Bourne Valley*.

Finally, Plaintiff asks the Court to stay the case because another judge of this District has certified to the Nevada Supreme Court the question of whether the pre-October 1, 2015 version of Nevada Revised Statutes section 116.31168(1) required notice of the sale to the first deed of trust holder. If the answer were "yes," the argument goes, the notice scheme would not be facially unconstitutional, and the facts of notice would have to be litigated in each case. But the Court has already rejected this line of argument based on the discussion in *SFR Investments Pool I* itself, an in-depth textual analysis of the statutes, and both the objective and subjective legislative history. *Christiana Trust*, 288 F. Supp. 3d at 1042–43. Although not impossible that the Nevada Supreme Court might agree with Plaintiff, such a reading would contradict all commonly accepted methods of statutory interpretation. *See id.* And regardless of any ruling by the Nevada Supreme Court on the issue, this Court would remain bound by *Bourne Valley* unless and until the Court of Appeals or the U.S. Supreme Court were to indicate otherwise.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 27) is GRANTED, and Plaintiff shall SUBMIT a proposed judgment within fourteen (14) days of this Order.

IT IS SO ORDERED.

Dated this 24st day of July, 2018.

_____
ROBERT C. JONES
United States District Judge